UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

Entered on Docket
February 15, 2011

Bruce A. Markell

Hon. Bruce A. Markell
United States Bankruptcy Judge

THE LAW OFFICES OF RANDOLPH H. GOLDBERG
RANDOLPH H. GOLDBERG, ESQ.
BAR NO. 5970
4000 S. Eastern Avenue, Suite 200
Las Vegas, NV 89119
(702) 735-1500
Fax: (702) 735-0505
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**MOHAMED ETTAGHI & CSILLA ZSOK**<br><br>Debtor(s). | Case No.: BK-S-10-30931-BAM<br>Chapter 13<br>Trustee: Kathleen Leavitt<br><br>Date: 2/10/2011<br>Time: 3:05 p.m. |

**ORDER TO VALUE COLLATERAL; ORDER TO AVOID LIEN**

THIS MATTER having come before the Court for a hearing on **FEBRUARY 10, 2011**, on Debtors' MOTION TO VALUE COLLATERAL; MOTION TO AVOID LIEN, and based upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

1. The Debtors' principal residence located at **2081 EAGLEPATH CIRCLE, HENDERSON, NEVADA 89074** (the "Subject Property") is valued at

**$265,000.00** as of the date of filing Debtors' Chapter 13 Petition.

2. The Subject Property is collateral for senior secured claim of **AMERICAN HOME MORTGAGE SERVICING, INC.** ("Senior Leinholder").

**[Check only one box, and fill in the blanks]**

☐ Senior Lienholder has filed a Proof of Claim related to such claim, **(N/A)** and such Proof of Claim claims a debt of **$** . Senior Lienholder's Proof of Claim indicates that Senior Lienholder has assigned to this claim.

**[or]**

☑ Senior Lienholder has ***not*** filed a Proof of Claim related to its claim, but has assigned **AMERICAN HOME MORTGAGE SERVICING, INC.** to this claim. The Debtor's schedules list the amount of Senior Lienholder's claims as **$308,069.00.**

3. The Subject Property is also collateral for a junior secured claim of **FIRST TENNESSEE BANK, N.A.** ("Junior Lienholder").

**[Check only one box, and fill in the blanks]**

☑ Junior Lienholder has filed a Proof of Claim **(12-1)** related to such claim, and such Proof of Claim claims a debt of **$192,368.35.** Junior Lienholder's Proof of Claim indicates that Junior Lienholder has assigned **FIRST TENNESSEE BANK, N.A.** to this claim.

**[or]**

☐ Junior Lienholder has ***not*** filed a Proof of Claim related to its claim, but has assigned to this claim. The Debtor's schedules list the amount of Junior

Lienholder's claims as $ .

4. Given the above, Junior Lienholder's interest in the Debtor's interest in the Subject Property has no value.

THEREFORE, IT IS HEREBY ORDERED THAT, pursuant to Zimmer v. PSB Lending Corp. (In *re* Zimmer), 313 F. 3d 1220 (9th Cir. 2002), and 11 U.S.C. §§ 506(a) and 506(d), Junior Lienholder's claim is unsecured, and shall be treated as unsecured for all purposes in this case, including the manner in which such claim is treated and paid in Debtor's chapter 13 plan; and

IT IS FURTHER ORDERED THAT, should debtor receive a discharge in this case, Junior Lienholder shall as soon as practicable thereafter take all necessary and appropriate steps to remove its lien of record, and to ensure that Debtor's title to the Subject Property is clear of any cloud on title related to Junior Lienholder's claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. § 348(f) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed , 11 U.S.C. § 349(b)(1)-(3) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to be an allowance or disallowance of any claim of Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor of the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

//

//

DATED this 12 day of **JANUARY, 2011**

THE LAW OFFICES OF
RANDOLPH H. GOLDBERG

By /S/ RANDOLPH GOLDBERG ESQ.

RANDOLPH H. GOLDBERG, ESQ.
4000 S. Eastern
Suite 200
Las Vegas, Nevada 89119
Attorney for Debtor

**LR 9021. ENTRY OF JUDGEMENTS AND ORDERS**

Pursuant to LR 1001©, the judges of the District of Nevada hereby adopt this administrative order and amend the following local rules:

LR 9014 (g) is hereby amended to read as follows:

g) Compliance with LR 9021. In chapter 7 and 13 cases, LR 9021(b)(1) is waived if a proposed order is served with the motion and the motion is granted. The proposed order must be attached as an exhibit and may not be separately filed or submitted for the judge's signature prior to the hearing. If the proposed order is not served with the motion, or if the order has been modified by the court or otherwise, the LR 9021 (b) (1) is applicable.

LR 9021© is hereby amended to read as follows:

1) Documents listed in subsection (a) above must be submitted to the court with the following certification from the submitting counsel:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirements set forth in LR 9021 (b)(1).

____ No party appeared at the hearing or filed an objection to the motion.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**KATHLEEN A. LEAVITT**
**201 LAS VEGAS BOULEVARD, SOUTH #200**
**LAS VEGAS, NEVADA, 89101**

_____ **APPROVED**

_____ **DISAPPROVED**

_____ **FAILED TO RESPOND**

✓ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

2) No language other than "approved" or "disapproved" may appear above opposing counsel's signature; and

3) Unless the court orders otherwise, "opposing counsel" means any attorney who appeared at the hearing regarding the matter that is the subject of the order or who filed objections.

4) Variation from the certification language indicated in paragraph (c)(1) may be cause for returning the draft order unsigned by the court.